# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **KEITH ELLIOTT HAVARD** | **PLAINTIFF** |
| v. | CAUSE NO. 1:19CV30-LG-RHW |
| **HUNTINGTON INGALLS INDUSTRIES, Pascagoula Operations** | **DEFENDANT** |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [8] Motion to Dismiss filed by the defendant, Huntington Ingalls Industries. Ingalls argues that: (1) Havard has failed to state facts supporting valid claims for violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Family Medical Leave Act (FMLA); (2) Havard failed to exhaust his administrative remedies as to his ADEA and ADA claims; and (3) Havard's FMLA claim is barred by the statute of limitations. Havard did not file a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Ingalls' Motion should be granted.

## BACKGROUND

Havard filed this pro se lawsuit alleging that Ingalls terminated his employment for excessive absences in violation of the ADEA, ADA, and FMLA. He claims to suffer from knee pain, back pain, and post-traumatic stress disorder. Havard was terminated on January 26, 2016, and he filed this lawsuit on January

24, 2019. Ingalls filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Generally, Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).

## I. HAVARD'S ADEA CLAIM

The ADEA provides, "It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Havard's Complaint fails to state a plausible ADEA claim because it does not contain any factual allegations concerning Havard's age or actions taken by Ingalls due to his age.

In addition, a plaintiff alleging age discrimination must file a timely charge of discrimination with the Equal Employment Opportunity Commission before

filing his lawsuit. 29 U.S.C. § 626(d). Charges are untimely unless they are filed within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(A). Havard has not alleged that he filed an EEOC charge prior to filing this lawsuit, and more than 180 days have passed since his termination. Therefore, his ADEA claim must be dismissed with prejudice.

## II. HAVARD'S ADA CLAIM

Plaintiffs attempting to assert ADA claims must also exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 443 (5th Cir. 2017). Since Havard has not alleged that he filed an EEOC charge before he filed this lawsuit and more than 180 days have passed since Havard's termination, his ADA claim must be dismissed with prejudice.

## III. HAVARD'S FMLA CLAIM

The FMLA provides that employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA leave] right." 29 U.S.C. § 2615(a). Most FMLA claims must be brought within two years of the alleged violation, but actions for willful FMLA violations are subject to a three-year period. 29 U.S.C. § 2617(c). Ingalls terminated Havard on January 26, 2016, and Havard filed this lawsuit on January 24, 2019. Therefore, Havard filed this lawsuit after the two-year limitations period expired but before the three-year limitations period would have expired. Ingalls argues that Havard's FMLA claim is time-barred

because he does not make any factual allegations that would support a finding that Ingalls willfully violated the FMLA.

To establish a willful violation of the FMLA, a plaintiff must show that his employer either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016). "A negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation." *Id.*

On June 16, 2015, Havard's physician certified that Havard needed intermittent leave of two to three hours per day, one to two days per month between May 4, 2015 and May 4, 2016. (Pl.'s Compl., Ex. A, ECF No. 1-1.) In December 2015, Havard's physician certified that Havard needed two to three hours of leave per day, one to two days per week from December 4, 2015 through June 4, 2016. (*Id.*) This physician treated Havard on the following dates: May 4, 2015, May 13, 2015, June 2, 2015, July 7, 2015, November 10, 2015, and December 4, 2015. (*Id.*) Havard asserts that Ingalls approved his request for FMLA leave, but he alleges that he was terminated for being absent from work on the following dates: August 24, 2015, October 2, 2015, November 10, 2015, November 19, 2015, November 24, 2015, December 3, 2015, December 16, 2015, and January 6, 2016. (*Id.*) Havard alleges that these dates he was absent should have qualified for FMLA leave.

According to the allegations of Havard's Complaint, Ingalls terminated Havard for missing several full days of work, while Havard's physician only approved leave of two to three hours per day, a couple of days each week. As a

result, he has failed to state a plausible claim for violation of the FMLA. *See Ford-Evans v. United Space All. LLC*, 329 F. App'x 519, 523 (5th Cir. 2009) (to state an interference claim under the FMLA, a plaintiff must first demonstrate that his leave was protected pursuant to the FMLA). Havard also has not alleged any facts indicating willful or reckless actions on the part of Ingalls; thus, his FMLA claim is barred by the two-year statute of limitations and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this lawsuit must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [8] Motion to Dismiss filed by the defendant, Huntington Ingalls Industries, is **GRANTED**. This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE